IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| LI WENTAO<br>Building #9, Unit 503<br>Hengdalyzhou, Laobian District<br>Yingkou, Liaoning Province, China 115000<br><br>      Plaintiff,<br><br>v.<br><br>JEFF Z. XU<br>42414 Charmois Ct.<br>Sterling, VA  20166<br><br>25218 Larks Ter.<br>Chantilly, VA  20152-6680<br><br>and<br><br>ASTON TECHNOLOGIES, INC.<br>14303-G Sullyfield Cir.<br>Chantilly, VA  20151<br><br>    Serve on Registered Agent<br>    Jeff Xu<br>    14303-G Sullyfield Cir.<br>    Chantilly, VA  20151<br>    FAIRFAX COUNTY | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br><br>Case No: 1:20-cv-000241 |

**COMPLAINT**

COMES NOW Plaintiff, Li Wentao, by counsel, and files this complaint for monetary damages and equitable relief, and in support thereof sets forth as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Li Wentao (also known as "Terry Li", and hereinafter referred to as "Li" or "Plaintiff") is a natural person who is a citizen and domiciliary of the Peoples Republic of China.

2. Defendant Jeff Z. Xu (hereinafter, "Xu") is a natural person domiciled in Fairfax County, Virginia, and the owner of Aston Technologies, Inc.

3. Defendant Aston Technologies, Inc. (hereinafter, "Aston" or the "Company") is a corporation formed and operating under the laws of Virginia.

4. Jurisdiction of the present action by this Court is proper under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the plaintiff and defendants of this action, and the amount in controversy exceeds $75,000.

5. This Court is the proper venue for the present action in accordance with 28 U.S.C. § 1391, as this is the District where both defendants (hereinafter referred to collectively as "Defendants") reside.

## Facts

6. In or about 2017 Xu entered into talks with Li to form a company in the United States for the purpose of purchasing auto parts and car repair equipment from manufacturers in China and distributing those goods for sale in the United States.

7. In or about March 2018 Xu formed Aston as a stock corporation in the Commonwealth of Virginia. Exhibit 1.

8. After forming Aston, Xu offered Li a majority ownership interest in Aston in the form of a transfer of shares in the Company, and further offered to appoint Xu as a director of the Company with the title of Chairman of the Board of Directors, in exchange for a direct capital investment of $90,000.00 (ninety thousand dollars) in the Company.

9. Xu and Li agreed that after Li made the $90,000 investment, Xu would need to obtain authorization from Li for any expenditure of over $1,000.

10. Li agreed and transferred $90,000.00 of his personal funds to Aston through an offshore company owned by Li (Gleegraf Co. Ltd.) on or about June 22, 2018. Exhibit 2.

11. In or about October 2018, Xu represented to Li that Li was now the majority owner of Aston and Chairman of Aston's board of directors.

12. In or about October 2018, Xu transmitted to Li copies of business cards Xu prepared for the Company indicating Li's supposed positions with Aston. Exhibit 3.

13. In or about June 2018, Xu requested that Li – in his capacity as an owner and Director of Aston – purchase certain auto repair equipment from a supplier in China and ship the goods to Aston in Virginia so that Aston could sell the goods in the United States at a profit.

14. Li promptly ordered the goods per Xu's request, and Li used $37,385 (thirty-seven thousand, three hundred, eighty-five dollars) of his personal funds to purchase and ship a first shipment of goods to Aston on or about May 24, 2019. Exhibit 4.

15. Li ordered additional goods at Xu's request, and Li used $50,997 (fifty thousand, nine hundred, ninety-seven dollars) of his personal funds to purchase and ship a second shipment of goods to Aston on or about May 27, 2019. Exhibit 5.

16. All goods purchased and shipped by Li were received by Defendants in or about July 2019.

17. In or about October 2019, Xu again transmitted to Li copies of business cards Xu prepared for the Company that purported to confirm Li's positions with Aston. Exhibit 6.

18. At all times, Xu represented to Li that Li was a majority shareholder in and director of Aston with authority to manage the finances and operations of the Company.

19. In or about November 2019, Li personally travelled to Virginia to meet with Xu and inspect Aston's corporate and financial documents.

20. Li requested that Xu produce Aston's corporate documents – including the company's registrations and stock certificates – and the Company's financial records – including ledgers and sales records.

21. At that meeting Xu denied that Li was ever an owner or director of Aston, and that Aston was merely using Li as a supplier of goods. Xu further stated that he never had any intention of giving Li any ownership interest in or position with Aston.

22. Li then requested that Defendants immediately reimburse Li both the $90,000 initial investment Li made in the Company, and the costs associated with the purchase and shipment of goods to the United States on Aston's behalf.

23. Defendants refused to compensate or reimburse Li in any amount and denied that they owed Li an obligation to compensate or reimburse Li at any point in the future. Xu further stated that he never had any intention of reimbursing or compensating Li in any way for the initial capital contribution or the purchase and shipment of goods to Aston.

24. To this date, Defendants have failed to compensate or reimburse Li any monies that Li contributed directly to Defendants or that Li expended to purchase and ship goods on behalf of Defendants.

25. All allegations plead herein against Xu are plead equally and identically against Aston, and vice versa.

26. Xu formed Aston with the intent and for the purpose of committing a fraud upon Li.

27. Defendants actively concealed their fraudulent misrepresentations to Li by delivering to Li business cards and other indicia that Li was an owner and director of Aston throughout 2018 and 2019.

## COUNT I – ACTUAL AND CONSTRUCTIVE FRAUD

28. Plaintiff hereby incorporates the allegations of paragraphs 1 through 27 as if fully stated herein.

28. Defendants intentionally or negligently misrepresented to Li the fact that Li was purchasing an ownership interest in Aston and being appointed director of Aston in exchange for a $90,000 direct investment of capital.

29. Defendants intentionally or negligently misrepresented to Li the fact Li was purchasing and shipping goods to and on behalf of Aston as a majority owner and investor in the Company.

30. Li reasonably relied on these misrepresentations of fact in both transferring a $90,000 direct capital investment in Aston, and in purchasing and shipping goods for the benefit of Aston.

31. As a direct result of Li's reliance on Defendant's misrepresentations of material fact, Li has been damaged in an amount of not less than $189,278.15 (one hundred eighty-nine thousand, two hundred seventy-eight dollars, and fifteen cents), and is additionally entitled to receive an award of punitive damages, its reasonable attorneys' fees and costs, pre and post judgment interest, and additional consequential and incidental damages.

WHEREFORE, Plaintiff prays this Court to award judgment against Defendants, jointly and severally, in an amount to be determined at trial, but not less than $189,278.15 in compensatory damages, $350,000 in punitive damages, plus reasonable attorneys' fees and costs, pre and post judgment interest, and consequential and incidental damages, and any other and further relief this Court deems just and appropriate.

## COUNT II – CIVIL LIABILITY UNDER VA. CODE § 13.1-522

32. Plaintiff hereby incorporates the allegations of paragraphs 1 through 31 as if fully stated herein.

33. Defendants sold a security, in the form of shares of Aston stock, to Li based on the misrepresentation of material fact that Defendants would deliver to Li ownership and corporate control of Aston upon a capital investment and other contributions.

34. In reliance on these misrepresentations, Li transferred at least $189,278.15 to Defendants's benefit in the form of cash and delivery of goods, without compensation or reimbursement in any form, and without receiving delivery of any valuable security as Defendants promised.

35. Due to Defendants' active concealment of the untruth of its representations, Plaintiff did not know and could not have known of the falsity of such misrepresentations at the time of making valuable transfers to Defendants.

36. As a direct result of Defendants' misrepresentations of material fact, Li has been damaged in an amount of not less than $189,278.15 (one hundred eighty-nine thousand, two hundred seventy-eight dollars, and fifteen cents), and is additionally entitled to receive an award of punitive damages, its reasonable attorneys' fees and costs, pre and post judgment interest, and additional consequential and incidental damages.

WHEREFORE, Plaintiff prays this Court to award judgment against Defendants, jointly and severally, in an amount to be determined at trial, but not less than $189,278.15 in compensatory damages, $350,000 in punitive damages, plus reasonable attorneys' fees and costs, pre and post judgment interest, and consequential and incidental damages, and any other and further relief this Court deems just and appropriate.

## COUNT III – CONVERSION

37. Plaintiff hereby incorporates the allegations of paragraphs 1 through 36 as if fully stated herein.

38. Plaintiff had ownership and the right to possess cash and goods valued at least $189,278.15.

39. Through their intentional or negligent misrepresentations to Li, Defendants have permanently converted Li's possessory interest in his property.

40. As a direct result of Li's reliance on Defendant's misrepresentations of material fact, Li has been damaged in an amount of not less than $189,278.15 (one hundred eighty-nine thousand, two hundred seventy-eight dollars, and fifteen cents), and is additionally entitled to receive an award of punitive damages, its reasonable attorneys' fees and costs, pre and post judgment interest, and additional consequential and incidental damages.

WHEREFORE, Plaintiff prays this Court to award judgment against Defendants, jointly and severally, in an amount to be determined at trial, but not less than $189,278.15 in compensatory damages, $350,000 in punitive damages, plus reasonable attorneys' fees and costs, pre and post judgment interest, and consequential and incidental damages, and any other and further relief this Court deems just and appropriate.

## COUNT IV – FRAUD IN THE INDUCEMENT

41. Plaintiff hereby incorporates the allegations of paragraphs 1 through 27 as if fully stated herein.

42. Defendants intentionally or negligently misrepresented to Li the fact that Li was purchasing an ownership interest in Aston and being appointed director of Aston in exchange for

a $90,000 direct investment of capital, and thereby induced Li to perform on an agreement to transfer $90,000 to Defendants.

43. Defendants intentionally or negligently misrepresented to Li the fact Li was purchasing and shipping goods to and on behalf of Aston as a majority owner and investor in the Company, and thus induced Li to perform on an agreement to purchase and ship valuable goods to the benefit of Defendants

44. Li reasonably relied on these misrepresentations of fact in entering agreements regarding both transferring a $90,000 direct capital investment in Aston, and in purchasing and shipping goods for the benefit of Aston.

45. As a direct result of Li's reliance on Defendant's misrepresentations of material fact, Li has been damaged in an amount of not less than $189,278.15 (one hundred eighty-nine thousand, two hundred seventy-eight dollars, and fifteen cents), and is additionally entitled to receive an award of punitive damages, its reasonable attorneys' fees and costs, pre and post judgment interest, and additional consequential and incidental damages.

WHEREFORE, Plaintiff prays this Court to award judgment against Defendants, jointly and severally, in an amount to be determined at trial, but not less than $189,278.15 in compensatory damages, $350,000 in punitive damages, plus reasonable attorneys' fees and costs, pre and post judgment interest, and consequential and incidental damages, and any other and further relief this Court deems just and appropriate.

## COUNT V – BREACH OF CONTRACT

46. Plaintiff hereby incorporates the allegations of paragraphs 1 through 27 as if fully stated herein.

47. The parties entered into an enforceable agreement whereby Defendants would deliver to Li sufficient shares of Aston stock to constitute a majority ownership interest in the Company and appoint Li to be a director in the Company, in exchange for Li providing a capital contribution of $90,000 to Aston.

48. Incident and party to the same enforceable agreement, Defendants promised to reimburse Li any costs associated with purchasing and shipping goods from China to the United States on behalf of and to the benefit of Defendants.

49. Li performed on the obligation to make a capital contribution to Defendants, and to further purchase and ship goods on behalf of and for the benefit of Defendants.

50. Defendants have breached the agreement by failing to deliver any stock or ownership interest in Aston to Li, failing to appoint Li to a director position with the Company, and failing to reimburse Li the costs associated with purchasing and shipping goods to Defendants.

51. As a direct result of Defendant's breach of the agreement, Li has been damaged in an amount of not less than $189,278.15 (one hundred eighty-nine thousand, two hundred seventy-eight dollars, and fifteen cents), and is additionally entitled to receive an award of punitive damages, its reasonable attorneys' fees and costs, pre and post judgment interest, and additional consequential and incidental damages.

WHEREFORE, Plaintiff prays this Court to award judgment against Defendants, jointly and severally, in an amount to be determined at trial, but not less than $189,278.15 in compensatory damages, $350,000 in punitive damages, plus reasonable attorneys' fees and costs, pre and post judgment interest, and consequential and incidental damages, and any other and further relief this Court deems just and appropriate.

## COUNT VI – UNJUST ENRICHMENT

52. Plaintiff hereby incorporates the allegations of paragraphs 1 through 27 as if fully stated herein.

53. Li conferred a benefit on Defendants in the form of a $90,000 cash transfer directly to Aston.

54. Li conferred a benefit on Defendants in the form of purchasing and shipping valuable goods to Defendants for sale in the United States.

55. Defendants knew of and accepted the benefits conferred to them by Li.

56. To this date, Defendants have retained both the cash and goods conferred on them by Li without paying or reimbursing Li for the value of the cash and goods conferred.

57. The circumstances render it unjust that Defendants retain the benefits Li has conferred on them without compensations, and as a direct result of Defendants failure to make payment or reimbursement, Li has been damaged in an amount of not less than $189,278.15 (one hundred eighty-nine thousand, two hundred seventy-eight dollars, and fifteen cents), and is additionally entitled to receive an award of punitive damages, its reasonable attorneys' fees and costs, pre and post judgment interest, and additional consequential and incidental damages.

WHEREFORE, Plaintiff prays this Court to award judgment against Defendants, jointly and severally, in an amount to be determined at trial, but not less than $189,278.15 in compensatory damages, $350,000 in punitive damages, plus reasonable attorneys' fees and costs, pre and post judgment interest, and consequential and incidental damages, and any other and further relief this Court deems just and appropriate.

Respectfully submitted,

**LI WENTAO**, by counsel


/s/ J. Andrew Baxter
J. Andrew Baxter
General Counsel, P.C.
6849 Old Dominion Drive, Suite 220
McLean, VA 22101
703-556-0411
abaxter@gcpc.com
*Counsel for Plaintiff*