UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LI WENTAO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-000241 |
| ) | |
| JEFF Z. XU, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ASTON TECHNOLOGIES, INC.'S MOTION TO DISMISS**

Defendant Aston Technologies, Inc., for its Motion to Dismiss, incorporates its Memorandum in Support of Motion to Dismiss filed herein.

WHEREFORE, Defendant Aston Technologies, Inc., asks that this Court dismiss it form the Complaint.

Respectfully submitted,
ASTON TECHNOLOGIES, INC.,
By counsel

ALLRED, BACON, HALFHILL, & YOUNG, P.C.

By: _____
James T. Bacon (VSB# 22146)
11350 Random Hills Road
Suite 700
Fairfax, VA 22030
703-352-1300
703-352-1301 (fax)
jbacon@abhylaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2020, I caused the foregoing to be served via the Court's CM/ECF system on all counsel of record in this case.

/s/ James T. Bacon

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LI WENTAO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-000241 |
| | ) |
| JEFF Z. XU, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ASTON TECHNOLOGIES, INC.'S MOTION TO DISMISS**

COMES NOW Aston Technologies, Inc. ("Aston"), by counsel, and for its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) state as follows:

**INTRODUCTION**

Plaintiff Li Wentao ("Li") alleges in his Complaint that he made an agreement with Defendant Jeff Z. Xu ("Xu") to purchase a majority interest in Aston for $90,000. That $90,000 actually came from a company owned by Li, Gleegraf Co Ltd. ("Gleegraf")(see Paragraph 10 of the Complaint). Li alleges that Xu never transferred that majority interest. In addition, Li alleges that at Xu's request, two orders were made from an auto repair equipment supplier in China, for $37,385 and $50,997 respectively. The invoices attached to the Complaint state that the "Buyer" is Gleegraf. Li alleges that he was never repaid for the equipment. Li is suing both Defendants for $189,278.15 under multiple different theories, including fraud, violation of the Virginia Securities Act, conversion, fraudulent inducement, breach of contract, and unjust enrichment.

**ARGUMENT**

PLAINTIFF LACKS STANDING TO BRING SUIT

Motions to dismiss for lack of standing are tested under Federal Rule of Civil Procedure 12(b)(1) for subject matter jurisdiction. See *Taubman Realty Group Ltd. v. Mineta*, 320 F.3d 475, 479 (4th Cir. 2003). The burden of establishing standing lies with the party claiming subject matter jurisdiction. See *Mirant Potomac River v. U.S. E.P.A.*, 577 F.3d 223, 226 (4th Cir. 2009). To possess standing, a Plaintiff must sufficiently allege that he has "1) suffered an injury in fact; 2) that is fairly traceable to the challenged conduct of the defendant, and 3) that is likely to be redressed by a favorable judicial decision." *Hutton v. Nat'l Board of Examiners in Optometry, Inc.*, 892 F.3d 613, 619-620 (4th Cir. 2018). To establish an injury in fact, Plaintiff must show that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id*. at 621 (citations omitted).

"When standing is challenged on the pleadings, we accept as true all material allegations in favor of the complaint and construe the complaint in favor of the complaining party … However, we need not accept factual allegations that constitute nothing more than legal conclusions or naked assertions … When addressing the appropriateness of dismissal for lack of standing, we consider exhibits attached to the complaint in addition to the complaint itself … In the event of conflict between the bare allegations of the complaint and any exhibit [attached to the complaint] the exhibit prevails." *Southern Walk at Broadlands Homeowners Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 181-182 (4th Cir. 2013)(citations omitted).

In the instant case, Plaintiff alleges that the initial $90,000 were his personal funds, although the money was transferred from his company, Gleegraf, as shown in Exhibit 2 to the Complaint. In addition, Paragraphs 14 and 15 of the Complaint allege that Plaintiff used his

personal funds to buy the automobile equipment, however, Exhibits 4 and 5 to the Complaint state that the "Buyer" of the equipment is Gleegraf. Although Plaintiff states that Gleegraf is "his company" (Paragraph 10 of the Complaint), "corporations are different from their stockholders." *Lindgren v. United States Shipping Board M.F.*, 55 F.2d 117, 120 (4th Cir. 1932). Plaintiff has failed to allege any facts in his Complaint as to why he is entitled to recover in his own name money that was paid by Gleegraf, or how those funds paid be Gleegraf constitute Li's "personal funds." As a result, he has failed to establish that he has suffered an injury in fact. Therefore, his case should be dismissed for lack of standing.

## PLAINTIFF FAILS TO STATE A CLAIM AGAINST ASTON TECHNOLOGIES AND FAILS TO STATE A CLAIM FOR FRAUD AND FRAUDULNET INDUCEMENT

Alternatively, the Complaint fails to state a claim against Aston, and fails to state claims for fraud and fraudulent inducement. In order to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if "the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. A plaintiff must allege facts in support of each claim, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" is not sufficient to withstand a motion to dismiss. In addition, Federal Rule of Civil Procedure 9(b) requires a plaintiff to state with particularity the circumstances constituting fraud or mistake. The circumstances required to be pled with particularity are "the time place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

The "Facts" section of the Complaint does not make any factual allegations against Aston until Paragraph 25, when Plaintiff makes the throwaway statement "All allegations plead herein against Xu are plead equally and identically against Aston and vice versa." Even though the facts specifically allege actions by Defendant Xu done in his individual capacity, Plaintiff seeks to make Defendant Aston equally liable for all of the same facts with the one threadbare, conclusory statement. This results in absurd allegations – for instance, even though Xu was originally the only shareholder of Aston, Aston is alleged to have not transferred stock to Li. In addition, the Complaint never alleges that Xu acted as an agent for Aston. The Complaint fails to actually allege any facts specifically against Aston, and, therefore, fails to meet the pleading standard of *Iqbal*.

Plaintiff also lumps two causes of action together in Count I for "Actual and Constructive Fraud." "One who advances a cause of action for actual fraud bears the burden of proving by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148 (Va. 1994)(citations omitted). "Constructive fraud differs from actual fraud in that the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently although resulting in damage to the one relying on it." *Id.* (citations omitted). Paragraphs 28 and 29 of the Complaint allege that "Defendants intentionally or negligently misrepresented to Li …" By combining his cause of actions together in one count, the Plaintiff is alleging that representations were made negligently in a claim that is supposed to be for actual fraud. However, if the representations were made negligently, the necessary intent for actual fraud is not present, so the count must fail.

Likewise, lumping allegations together also dooms Count VI for Fraud in the Inducement. "To state a cause of action for fraudulent inducement of contract under Virginia law, a plaintiff must allege that the defendant made "misrepresentations [that] were 'positive statements of fact, made for the purpose of procuring the contract; that they are untrue; that they are material; and that the party to whom they were made relied upon them, and was induced by them to enter into the contract.'" *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 452 (E.D. Va. 2009)(citations omitted). "[T]he promisor's intention — his state of mind — is a matter of fact. When he makes the promise, intending not to perform, his promise is a misrepresentation of *present* fact, and if made to induce the promisee to act to his detriment, is actionable as an actual fraud." *Colonial Ford v. Schneider*, 228 Va. 671, 677 (Va. 1985)(citations omitted). "The elements of actual fraud and fraudulent inducement are effectively the same." *CyberLock Consulting, Inc. v. Info. Experts, Inc.*, 876 F. Supp. 2d 672, 681 n. 7 (E.D. Va. 2012). Paragraphs 42 and 43 of the Complaint state that "Defendants intentionally or negligently misrepresented to Li …" By alleging that the misrepresentations could have been made negligently, Plaintiff fails to plead the necessary intent for actual fraud. Since fraudulent inducement is effectively a form of actual fraud, requiring an intentional misreprersentation, Plaintiff's Fraud in the Inducement claim necessarily fails.

## CONCLUSION

WHEREFORE, Defendant Aston Technologies, Inc., asks that this Court dismiss the claims against it in the Complaint.

Respectfully submitted,<br>
ASTON TECHNOLOGIES, INC.,<br>
By counsel

ALLRED, BACON, HALFHILL, & YOUNG, P.C.

By: _____
James T. Bacon (VSB# 22146)
11350 Random Hills Road
Suite 700
Fairfax, VA 22030
703-352-1300
703-352-1301 (fax)
jbacon@abhylaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this ___28th___ day of April, 2020, I caused the foregoing to be served via the Court's CM/ECF system on all counsel of record in this case.

/s/ James T. Bacon _____