UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| LI WENTAO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-000241 |
| | ) | |
| JEFF Z. XU, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' OBJECTIONS TO MAGISTRATE PRETRIAL RULING PURSUANT TO FEDERAL RULE 72 AND REQUEST FOR HEARING**

NOW COME Defendants Jeff Z. Xu and Aston Technologies, Inc. ("Defendants"), by counsel, and hereby file their Objections to Magistrate Pretrial Ruling Pursuant to Federal Rule 72, and Request for Hearing, and in support, state as follows:

1. On September 4, 2020, after a hearing, Hon. Magistrate Judge Theresa Buchanan entered an order granting the Plaintiff Li Wentao's ("Plaintiff") Motion to Compel Discovery and for Sanctions (the "Order"). A copy of the Order is attached as Exhibit A.

2. Defendants specifically assign error to the Order as follows: Plaintiff's Request for Documents include thirty-four (34) improper requests. Thirty-four (34) Requests for Documents include a demand for the production of documents that are debtor interrogatories to assess the net worth and collectability of the Defendants. These are improper requests at this stage of the litigation and improperly demand the production of non-discoverable information. Under Fed. R. Civ. P. 26(b)(1), the scope of discovery is limited only information and documents that are relevant to any party's claims or defenses. A copy of the Plaintiff's Request for the Production of Documents is attached as Exhibit B.

3. Here, this Court has not yet determined if punitive damages will be awarded in this

case. As a result, the following requests for documents are improper and the Order requiring

Defendants to respond was made in error:

    a. Request 15: Complete copies of all state and federal income tax returns filed by you individually and/or jointly with any other from 2018 through the trial of this matter, including all accompanying schedules, any attachments to such returns and all worksheets used in preparing same, requests for any tax extensions, and all 1099, K-1 (IRS Form 1065) and W-2 forms received for the same period.

    b. Request 16: All documents showing Xu and Aston's income from any source from 2018 to the present.

    c. Request 17. All documents reflecting monies and/or assets that Aston has received from any third parties.

    d. Request 18. Any and all records for all checking and/or savings accounts, including credit union accounts, certificates of deposit, 401(k) accounts and IRA's maintained by each Defendant individually and/or jointly with any other or others, or any other accounts over which you have had signature authority in any other capacity (regardless of whether or not the account or accounts have been closed), including, but not limited to, monthly bank statements, checkbooks, cancelled checks, check registers, deposit slips, check requests, passbooks, statements relating to savings accounts or certificates of savings deposit and any other records from 2018 through the trial of this matter.

    e. Request 19. Copies of credit card statements for any credit card account held in the name of Xu or Aston from 2018 to present.

    f. Request 20. Any and all monthly statements, receipts and records, of all debit card, credit card and/or charge account held, used or maintained by you individually and/or jointly with any other or others, or any other accounts you were or are authorized to charge purchases to the accounts of another person or entity (regardless of whether or not the account or accounts have been closed), from 2017 through the date of this matter.

    g. Request 21. Any and all evidence of property and/or interest in property of every kind and character whatsoever owned by you individually and/or jointly with any other or others, including any revisionary interests, and including, but not limited to, accounts receivable, notes, corporate agreements, partnership agreements, tax deferred annuities, profit-sharing statements, pension plan statements, and savings account passbooks from the date 2018 through the trial of this matter.

h.  Request 22. Any and all warranty deeds, quitclaim deeds and deeds to secure debt which name you as grantee or grantor, individually and/or jointly with any other or others, or in your name in trust or in your name as guardian for any other person, relating to any property in which you have or have had any interest or equity from 2017 to present.

i.  Request 23. Copies of all closing statements, sales agreements and options, or other documents relating to your purchase or sale of any interest in real property from 2017 through the trial of this matter, including any leases or mortgages related thereto (including monthly payments and present outstanding balance of principal and interest) together with any evidence showing all contributions in cash or otherwise made by you to the acquisition of such real estate.

j.  Request 24. Any and all documents, memoranda, closing statements or writings relating to any interest you had or may have in real estate, whether as owner, co-owners, fiduciary, trust beneficiary (vested or contingent), partner, limited partner, shareholder, joint venture, mortgagee, developer, manager or otherwise; and copies of all real estate mortgages held by you, or by any entity (including but not limited to realty trusts, partnerships or corporations) in which you have or had a present or contingent interest from 2017 through the trial of this matter.

k.  Request 25. Any and all copies of any business or personal financial and/or net worth statements, prepared by an accountant or any other person for you or for any business in which you have or had an interest from the date of through the trial of this matter, together with any credit applications, loan applications and other financial information submitted by you to any bank, credit card company or lending institution, or that you have prepared or had for your own use, from 2017 through the trial of this matter.

l.  Request 26. All receipts, sales, or purchase notices or other documents reflecting your purchase or sale of any interest in any tangible personal property of any nature having a value in excess of $250.00, including but not limited to any gold, silver, stereo, and video equipment, furniture, appliances, cameras, computers, boats, televisions, jewels, furs, clothing, automobiles, animals or any other such asset of any nature for the last two (2) years.

m.  Request 27. All documents and/or letters received by you from three (3) years prior to the filing of the above-styled actions to present from any real estate agent, accountant, bank officer, stock broker, or any other person or entity, notifying you of the value of your interest in any corporation, trust, revisionary interest, or in any real or personal property or any other asset.

n.  Request 32. All documents sufficient to reflect any real property which you own or have any interest in at the present time.

o. Request 33. All documents sufficient to reflect any real property or any interest in real property you have sold or otherwise transferred to any person or entity during the last three years.

p. Request 34. All documents sufficient to reflect any motor vehicles owned by you or which you have an interest.

q. Request 35. All documents sufficient to reflect each corporation in which you own capital stock.

r. Request 36. All documents sufficient to reflect all of your assets, including but not limited property, real property, money (that exceeds $2,000.00), corporate stock, interest in a corporation, investments, insurance, accounts receivable, or loans, that you have sold, transferred or assigned to anyone since 2017.

s. Request 37. All documents sufficient to reflect any banks, savings, and loan associations, credit unions, brokers, brokerage firms or other financial institutions in which you presently maintain an account of any kind or in which you have maintained an account at any time during the period of 2017 to present, including any accounts in which you have money on deposit in any name other than your own account which you are holding in trust for anyone else.

t. Request 38. All documents to reflect the amount of cash you presently have in your possession or subject in your in your control, the location of such cash, the amount and currency if other than United States, and the identity of any person or persons in possession of such case.

u. Request 39. All documents sufficient to reflect and describe all of your assets since Aston's founding in 2018 that exceed One Hundred Dollars ($100.00) in value.

v. Request 40. All documents sufficient to reflect any trusts or endowments in which you are the beneficiary, either directly or indirectly, the name and address of the trust or endowment, the name of the trustee, a description of the benefits that you received or will receive in the future.

w. Request 41. All documents sufficient to reflect each item of intangible and tangible person property which you own or have any interest in that exceeds in value the sum of One Hundred Dollars ($100.00).

x. Request 42. All documents to reflect any claims, lawsuits, or causes of action of any nature that you currently are involved in or have been involved in at any point in time over the past 5 years.

y. Request 43. All documents sufficient to reflect any notes receivable or accounts receivable that are owed to you.

z. Request 44. All documents sufficient to reflect the identity of any person or entity who owes you money.

aa. Request 45. All documents sufficient to reflect all debts owed by you at the present time.

bb. Request 46. All of your financial statements, balance sheets, accounts payable, accounts receivable, financial analysis, documents reflecting financial analysis, or tax documents from the last three years.

cc. Request 47. All documents sufficient to reflect each partnership, association, entity or joint venture in which you are a partner, member or party.

dd. Request 48. All documents sufficient to reflect any partnership, association, entity or joint venture interest you have sold, transferred or otherwise disposed of during the last preceding three years.

ee. Request 49. All documents sufficient to reflect any money, revenue or compensation of any kind that you expect to receive within the next six months.

ff. Request 50. All documents sufficient to reflect any bank account statements on which your name did not appear, in which you deposited any money and/or from which you have withdrawn money by check or other method since 2017.

gg. Request 51. All documents sufficient to reflect any patents, copyrights, trademarks, licenses, software, including any pending applications which you own or have any interest in at the present time.

hh. Request 52. All documents reflecting any distributions or other payments by Aston to its member(s) since its founding in 2018.

ii. Request 53. All documents reflecting any reporting, recording, or listing of inventory or other products and materials available for sale.

jj. Request 54. All documents reflecting any solicitation or advertisements for the sale of services or products, including but not limited to print, broadcast, and internet advertisements, websites, person-to-person or company-to-company solicitations, classifieds, or any other document that intends to alert a member of the public or a discrete private party of your ability to sell a product or service or obtain a product or service for sale.

4. While "a defendant's financial position is a proper consideration in assessing

punitive damages . . . ." (*Moore v. DAN Holdings, Inc.,* 1:12CV503, 2013 WL 1833557, at *13

(M.D.N.C. Apr. 30, 2013) (quoting *Stamathis v. Flying J, Inc.*, 389 F.3d 429, 442 (4th Cir.

2004)); see also Baldwin v. McConnell, 643 S.E.2d 703, 706 (Va. 2007) (listing a defendant's

ability to pay as a relevant factor in determining the reasonableness of punitive damages under

Virginia law)), courts have acknowledged it may be "appropriate to prohibit discovery as to the

defendant's net worth until a decision has been rendered on a motion for summary judgment as

to whether the punitive damages issue will go to trial." *Tiller v. Hobart Corp*., 58 F. Supp.2d

688, 690-91 (W.D.Va. 1999); *see also Moore*, 2013 WL 1833557, at *14 (collecting cases)

("[T]he mere inclusion of a bald demand for punitive damages in a pleading does not entitle a

litigant to discovery of sensitive financial information.").

    5.  Hon. Magistrate Judge Theresa Buchanan acknowledged at the hearing that each of

these requests were debtor interrogatories designed to assess the net worth and collectability of

the Defendants. She, however, still ruled that Defendants must answer each of these improper

requests. Defendants assign error to this ruling. It was an error for Hon. Magistrate Judge

Theresa Buchanan to require Defendants to produce documents showing the net worth of the

Defendants when this Court has yet to decide whether punitive damages are proper in this case.

    6.  Defendants' hereby request a hearing on these objections.

Dated: September 11, 2020                          Respectfully submitted,
                                                    ASTON TECHNOLOGIES, INC.,
                                                    By counsel

ALLRED, BACON, HALFHILL, & YOUNG, P.C.

By: _/s/James T. Bacon_____
     James T. Bacon (VSB# 22146)
     11350 Random Hills Road
     Suite 700
     Fairfax, VA 22030
     703-352-1300
     703-352-1301 (fax)
     jbacon@abhylaw.com
     *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2020, I caused the foregoing to be

served via the Court's CM/ECF system on all counsel of record in this case.


                       /s/ James T. Bacon_____