IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WENTAO LI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:20-cv-241 (LMB/TCB) |
| | ) |
| JEFF Z. XU, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

In this civil action filed by plaintiff Wentao Li ("plaintiff" or "Li") against defendants Jeff Xu ("Xu") and Aston Technologies, Inc. ("Aston") (collectively, "defendants"), the telephonic final pretrial conference is scheduled to be held on September 17, 2020 at 10:45 a.m. Before the Court are defendants' Objections to Magistrate Pretrial Ruling ("Objections"), defense counsel's Motion to Withdraw as Counsel ("Motion to Withdraw"), and plaintiff's Motion to Extend Scheduling Order ("Motion to Extend"). For the following reasons, defendants' Objections will be overruled, defense counsel's Motion to Withdraw will be granted, plaintiff's Motion to Extend will be granted in part, and the final pretrial conference will be cancelled.

On August 28, 2020, plaintiff filed a Motion to Compel in which he sought answers to his discovery requests, to which defendants had responded with boilerplate objections. [Dkt. No. 30]. On September 4, 2020, the assigned magistrate judge granted plaintiff's Motion to Compel, struck defendants' objections to plaintiff's discovery requests, and ordered defendants to "re-answer all discovery requests within eleven days of this Order." [Dkt. No. 38]. On September 11, 2020, defendants filed their Objections to the magistrate judge's order, in which they argue that

many of plaintiff's requests for documents "are debtor interrogatories to assess the net worth and collectability of [d]efendants," and therefore "are improper requests at this stage of the litigation" because "this Court has not yet determined if punitive damages will be awarded in this case." On the same day, as a result of defendants' Objections, plaintiff filed his Motion to Extend in which he requests "that the Court extend the discovery calendar by two weeks" to September 25, 2020 and continue the final pretrial conference to October 1, 2020 to allow defendants to comply with the magistrate judge's order.

The Court initially intended to conduct the final pretrial conference as scheduled on September 17, 2020, and to address defendants' Objections and plaintiff's Motion to Extend at that time; however, on September 16, 2020, defense counsel filed his Motion to Withdraw, in which he seeks "leave to withdraw as counsel" for defendants because "there has been a breakdown in the representation." The motion states that defense counsel informed defendants of his intent to seek leave to withdraw as their counsel on September 9, 2020, two days before he filed defendants' Objections. Although defendants have not requested a stay of the magistrate judge's September 4, 2020 order and the deadline imposed therein has now passed, given the representations by defense counsel, the Court assumes that defendants have not yet provided plaintiff with new answers to his discovery requests as required. Because oral argument will not aid in the decisional process, all of these pending matters will be resolved on the papers submitted.

First, "[a] defendant's financial position is a proper consideration in assessing punitive damages." Moore v. DAN Holdings, Inc., 2013 WL 1833557, at *13 (M.D.N.C. Apr. 30, 2013). Although "[a] growing number of federal courts across the county [have] take[n] the general view that the mere inclusion of a bald demand for punitive damages in a pleading does not entitle

2

a litigant to discovery of sensitive financial information," that general view does not apply where the litigant "support[s] [his or her] demand for punitive damages with factual allegations that clearly would warrant such relief." Id. at *14–15. Here, plaintiff has sufficiently supported his demand for punitive damages such that discovery into defendants' financial position is appropriate.

Second, defense counsel's statements about a breakdown in his representation of defendants establish good cause to grant him leave to withdraw as counsel for defendants, and the withdrawal of defense counsel in turn establishes good cause to extend the discovery deadline. For these reasons, defendants' Objections [Dkt. No. 39] are OVERRULED, defense counsel's Motion to Withdraw [Dkt. No. 43] is GRANTED, and plaintiff's Motion to Extend [Dkt. No. 40] is GRANTED IN PART, and it is hereby

ORDERED that defendants' re-answer all discovery requests by September 25, 2020. Failure to comply with this Order may result in the imposition of sanctions under Federal Rule of Civil Procedure 37, including the entry of a judgment against defendants.

In addition, "[c]orporations and partnerships, as artificial entities, may not appear pro se but must instead appear through counsel." McGowan v. Cross, 991 F.2d 790 (4th Cir. 1992). Accordingly, it is further

ORDERED that to avoid being in default, by September 25, 2020, Aston retain an attorney who is admitted to practice before this court or is associated with an attorney who is admitted to practice before this court. Failure to comply with this Order will result in Aston being deemed in default, and a judgment could be entered against Aston on that basis.

Lastly, to give defendants adequate time to comply with this Order, it is further

ORDERED that the final pretrial conference scheduled for September 17, 2020 be and is CANCELLED. If defendants timely comply with this Order, the final pretrial conference will be rescheduled for a later date.

The Clerk is directed to forward copies of this Order to counsel of record and to Xu and Aston at their addresses of record.

Entered this 16 day of September, 2020.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge